IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Richard Douglas Waldrup, #20170291<br><br>Plaintiff,<br><br>v.<br><br>Sheriff Steve Mueller and Captain Robert Padgett,<br><br>Defendants. | Case No. 9:18-0354-SAL<br><br><br>**OPINION AND ORDER** |

    This matter is before the Court for review of the February 10, 2020 Report and Recommendation ("Report") issued by United States Magistrate Judge Bristow Marchant in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). ECF No. 124. In the Report, the Magistrate Judge recommends denying Defendants' Renewed Motion for Summary Judgment. ECF No. 102. Defendants filed timely objections to the Report, ECF No. 126, and Plaintiff filed a reply. ECF No. 127. This matter is accordingly ripe for consideration.

    **I.**    **Factual Background**

    Plaintiff Richard Douglas Waldrup, proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 on February 6, 2018. He claims he was denied medical treatment in connection with a growth that he discovered on his left shoulder in June of 2017, while housed as a pretrial detainee in the Cherokee County Detention Center ("Detention Center"). He alleges several constitutional violations, which the Magistrate Judge properly construed as a single claim for deliberate indifference to serious medical needs in violation of the Fourteenth Amendment. In the interest of brevity and where neither party disputes the Magistrate Judge's recitation of Plaintiff's medical records, the factual history of this case as set forth in the Report is

1

incorporated herein. *See* ECF No. 124 at 2-8. In summary, after Detention Center medical staff had seen Plaintiff, he was transported to an outside emergency room on October 16, 2017. Medical records from this visit indicate a mass on Plaintiff's left shoulder and a possible case of cellulitis. Plaintiff's condition at this time was described as a "certified medical emergency." ECF No. 121-1 at 4. Plaintiff was directed to follow up with a general surgeon. During Plaintiff's next outside medical visit with Dr. Frank Phillips, which occurred on December 12, 2017, the mass was diagnosed as a "probable lipoma," ECF No. 121-1 at 9; however, Dr. Phillips ordered an MRI "to evaluate this mass and make sure we are not dealing with any atypical issue." The record permits an inference that Defendants subsequently prevented Plaintiff from obtaining the MRI as ordered because Plaintiff could not obtain insurance coverage or the assistance of his family to pay for the procedure.

Plaintiff then filed this suit in February of 2018. ECF No. 1. Finally, on or about July 30, 2018, Plaintiff received the MRI that was ordered the previous December. In support of their motion for summary judgment, Defendants submit the affidavit of Dr. John Keith, who, reviewing the record as well as the results of the MRI (which revealed a benign lipoma), opines that Plaintiff's condition was not serious and that it never caused Plaintiff any pain. In their objections to the Magistrate Judge's recommendation that their motion for summary judgment be denied, Defendants assert that (1) they adhered to the instructions of medical providers; (2) Plaintiff's medical need was not serious; and (3) delay in treatment did not exacerbate Plaintiff's injury. ECF No. 126. As set forth herein, the Court overrules each of the objections, adopts the Report, and denies Defendants' motion.

## II.     Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper

when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets that burden and a properly supported motion is before the court, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 323. All inferences must be viewed in a light most favorable to the non-moving party, but the non-moving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

Having applied the foregoing standard, the Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

### III.     Discussion

Viewing the record evidence in a light most favorable to Plaintiff, as the Court must at this stage, Defendants' motion must be denied. Plaintiff has adduced sufficient evidence upon which a reasonable jury could conclude that Defendants unjustifiably denied or delayed medical treatment for Plaintiff's serious medical needs.

As the Report noted, Plaintiff's claim is properly construed under the Fourteenth Amendment. *E.g.*, *Young v. City of Mount Rainier*, 238 F.3d 567, 575 (4th Cir. 2001) ("[D]eliberate indifference to the serious medical needs of a pretrial detainee violates the due process clause."). Conduct that would violate the Eighth Amendment also violates the Fourteenth Amendment in this context. *See Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). To prove his or her claim for deliberate indifference to a serious medical need, a plaintiff must first show that, objectively, his or her medical need was sufficiently "serious." *See Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). A "serious" medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. Second, a plaintiff must show that the defendant acted with deliberate indifference to those needs, which is a subjective inquiry. *Id.* The Fourth Circuit recognizes that "mere delay or interference" as to prescribed treatment can be sufficient to state a claim for deliberate indifference to serious medical needs. *Smith v. Smith*, 589 F.3d 736, 739 (4th Cir. 2009) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)).

In their first objection, Defendants submit that they are not liable where they did in fact adhere to the course of treatment prescribed by Plaintiff's treating physicians. ECF No. 126 at 3-

4 ("Defendants completed Dr. Phillip's [sic] recommendation when Plaintiff received an MRI of his left shoulder on July 30, 2018"). They do not contest in their objections, however, that before the MRI was performed, Plaintiff had been denied treatment because of his failure to secure his own insurance coverage or the assistance of family members. The MRI was prescribed in December of 2017, yet was not performed until seven months later in July of 2018, after Plaintiff filed this action. Because the record evidence reasonably lends itself to an inference of unjustified "delay or interference," *Smith*, 589 F.3d at 739, it is immaterial that Plaintiff eventually obtained the MRI as ordered, and this objection is overruled.[1]

Next, Defendants argue that Plaintiff's claim fails because he did not suffer a "serious medical need." ECF No. 126 at 4-7. Although an "uncomfortable" medical condition is not necessarily "serious," *Martin*, 849 F.2d at 871, the Plaintiff's condition in this case was well within the parameter of a condition "that has been diagnosed by a physician as mandating treatment." *Iko*, 535 F.3d at 241. It is precisely the denial of treatment as ordered by a physician that Plaintiff challenges.

Further, according to his medical providers, Plaintiff's condition in October of 2017 constituted a medical emergency. In December of 2017, Dr. Phillips concluded that Plaintiff "probabl[y]" had a benign lipoma, but he ordered further testing. Courts in this circuit have held that a lipoma is not a serious medical need. *Abad v. Roff*, C/A No. 707-cv-00405, 2008 WL 728928, at *4 (W.D. Va. Mar. 18, 2008) (finding "no evidence that the [plaintiff's] remaining lipomas constitute a serious medical need or that the removal of the lipomas are medically necessary"), *aff'd*, 280 F. App'x 254 (4th Cir. 2008) (unpublished). In this case, however, the ordered procedure appears to have been for the purpose of determining whether Plaintiff's

---

[1] *See Egberto v. Nevada Dep't of Corr.*, 678 F. App'x 500, 502 (9th Cir. 2017) (reversing summary judgment in favor of defendants on Eighth Amendment claim where physician recommended an MRI for an inmate, but appointment was delayed until five months after recommendation).

condition *was a benign growth or not*. The stated purpose of the MRI was "to evaluate this mass and make sure we are not dealing with any atypical issue." ECF No. 102-1 at 6. Where the record contains a physician's recommendation to perform a procedure and no other evidence capable of supplanting Dr. Phillips' judgment *at the time*,[2] the Court is unable to conclude, as a matter of law, that Plaintiff's condition was not objectively serious enough to maintain his claim.

Finally, Defendants contend that Plaintiff's deliberate indifference claim fails where any delay in obtaining the MRI did not exacerbate Plaintiff's injury. ECF No. 126 at 7-8. The Fourth Circuit has not decided whether, as it held in the unpublished decisions cited by Defendants, a plaintiff must show that a delay in treatment "exacerbated the injury or unnecessarily prolonged an inmate's pain." *Formica v. Aylor*, 739 F. App'x 745, 755 (4th Cir. 2018) ("Notably, as unpublished opinions, our *Webb* and *Sharpe* decisions do not constitute binding precedent.") (unpublished opinion). The court in *Formica* explained that a "delay claim" is distinct from one in which the defendant is alleged to have "intentionally den[ied] or delay[ed] access to medical care or intentionally interfere[ed] with the treatment once prescribed." *Id.* at 756 n.7 (quoting *Estelle*, 429 U.S. 97, 104-05); *see also Chavez v. Bailey*, C/A No. 7:19-cv-00014, 2020 WL 2751899, at *8 (W.D. Va. May 27, 2020) (noting that the requirement of exacerbated injury or prolonged pain applies, if at all, to claims in which treatment has been delayed, as opposed to denied).

Defendants' final objection is overruled on the following alternative grounds: First, Plaintiff avers in his verified Complaint that as the mass in his shoulder grew, it "started causing

---

[2] Defendants' expert, Dr. Keith, does not demonstrate a lack of genuine issue as to whether Plaintiff's medical need was serious. His opinion takes into account the results of the MRI–which was ordered in December of 2017 and not conducted until July of 2018–in support of the conclusion that Plaintiff's growth was in fact a benign, non-cancerous lipoma. Keith Aff., ECF No. 102-3 at ¶ 13-14. This evidence is not directed at the crux of this case; that is, whether denying Plaintiff the ordered MRI for approximately seven months can constitute deliberate indifference to Plaintiff's medical need for same.

pain and numbness." ECF No. 1 at 6. He alleges that "as time progressed, my condition began to get worse." *Id.* at 7. These verified allegations are sufficient to create a genuine issue as to whether a delay in treatment unnecessarily prolonged Plaintiff's pain under the "delay claim" standard articulated in *Webb* and *Sharpe*. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). Alternatively, the Court concludes that where Defendants do not contest that they refused to coordinate Plaintiff's MRI because he would not or could not secure his own insurance or the assistance of family members to pay for the procedure, this is not a case of delay, but of denial. As the Fourth Circuit indicated in *Formica*, no showing of resultant harm is needed where a defendant improperly denies or interferes with prescribed treatment. *Formica*, 739 F. App'x at 756 n.7 (citing *Estelle*, 429 U.S. at 104-05). "The Eighth Amendment prohibits prison officials from denying an inmate medical treatment due to a lack of funds or conditioning the provision of needed medical services upon an inmate's ability to pay." *Cannon v. Mason*, 340 F. App'x 495, 498 (10th Cir. 2009). The fact that Plaintiff eventually obtained an MRI (well after he commenced this litigation) can hardly operate to reverse the effect of Defendants' initial categorical denial. Accordingly, even assuming without deciding that Plaintiff must show resultant harm from a delay in treatment, Plaintiff has adduced sufficient evidence to carry his burden at this stage, and the objection is overruled.

## IV.  Conclusion

After a thorough review of the record, the Report, Defendants' objections, and the applicable law, the Court overrules Defendants' objections and adopts the Report in its entirety. Accordingly, Defendants' Renewed Motion for Summary Judgment, ECF No. 102, is DENIED.

IT IS SO ORDERED.

                                          /s/
                                          Sherri A. Lydon
                                          United States District Judge

Florence, South Carolina

August 11, 2020