IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Richard Douglas Waldrup, #20170291, ) | Case No. 9:18-0354-SAL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Sheriff Steve Mueller and Captain Robert ) | |
| Padgett, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on a Motion to Reconsider filed by Defendants Sheriff Steve Mueller and Captain Robert Padgett ("Defendants") on September 8, 2020. [ECF No. 141.] This motion asks the Court to reconsider its August 11, 2020 Opinion and Order adopting the Report and Recommendation and denying Defendants' Renewed Motion for Summary Judgment. [ECF No. 132]. Plaintiff filed a response in opposition to the motion on September 21, 2020. [ECF No. 142.] The motion is now ripe for ruling by this Court.

Motions to reconsider are governed by Rule 59(e) of the Federal Rules of Civil Procedure. The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." *Pacific*

1

*Insurance*, 148 F.3d at 403. Relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Id.* (internal marks omitted). "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

## DEFENDANTS' ARGUMENTS

In their Motion to Reconsider, ECF No. 141, Defendants identify what they perceive as clear errors of law in the prior Order. [ECF No. 132]. Specifically, Defendants argue: (1) the Constitution does not prohibit Defendants from requiring detainees pay for medical services; (2) the Court erred in failing to identify actions that violate the Eighth Amendment's deliberate indifference standard; and (3) the Court erred in crediting Plaintiff's lay opinion on the necessity and effect of his medical care. [ECF No. 141]. The Court will address each argument in turn.

**I. Defendant argues the Court committed a clear error of law in concluding that refusing to pay for Plaintiff's medical care violated the Constitution**

Defendants argue that the Order, ECF No. 132, and Report, ECF No. 124, "suggest that Defendants were constitutionally obligated to pay for Plaintiff's MRI." [ECF No. 141 p.3]. Defendants contend the Court bases this suggestion on a misreading of *Cannon v. Mason*. 340 F. App'x 495 (10th Cir. 2009). *Id.* Defendants argue that a county jail is not constitutionally obligated to provide a pre-trial detainee with medical care at no cost to the detainee. [ECF No. 141 pp.1-2].

Jails may constitutionally impose co-payments for medical services, but they cannot deny treatment based on inability to pay. *Sims v. Lexington Cty. Det. Ctr.*, No. C.A.3:06-3490PMD, 2008 WL 216345, at *7 (D.S.C. Jan. 24, 2008) ("Although Plaintiff complains of having to pay a fee for medical services, he has not shown that he was denied treatment for any inability to pay. Further, jails are allowed to impose co-payments for medical services."). This is the important distinction: charging for medical services is constitutional; denying treatment based on inability to

2

pay is not. *Clayton v. Ozmint*, No. 2:10-CV-00190-RBH, 2010 WL 4510912, at *2 (D.S.C. Nov. 2, 2010), *opinion vacated in part on reconsideration on other grounds*, No. 2:10-CV-00190-RBH, 2010 WL 5798740 (D.S.C. Dec. 7, 2010) ("[P]risons are allowed to impose co-payments for services **if they actually provide medical care to the prisoner**." (emphasis added)).

In *Cannon v. Mason*, the Tenth Circuit Court of Appeals stated that "[t]he Eighth Amendment prohibits prison officials from denying an inmate medical treatment due to lack of funds or conditioning the provision of needed medical services upon an inmate's ability to pay." 340 F. App'x 495, 498 (10th Cir. 2009). As Defendants correctly point out, *Cannon* does not hold that charging for medical services is unconstitutional. Neither the Report[1], ECF No. 124, nor the Order ECF No. 132, interprets *Cannon* to stand for that proposition. Instead, the Court cites *Cannon* to support the proposition that prison officials may not **deny** medical services based on an inmate's ability to pay: a proposition that *Cannon* states directly. 340 F. App'x at 498.

Defendants argue that the Court committed a clear error of law in concluding that refusing to pay for medical care violated the Constitution. The Court reached no such conclusion. The Court held that the denial of care based on an inmate's inability to pay violates the Eighth Amendment. Because this holding is clearly supported by the authority, the Court is not persuaded by Defendants' argument and declines to alter or amend its previous judgement on these grounds.

Defendants also point to clear error in the Court's finding that the record permits an inference that Defendants prevented Plaintiff from obtaining the MRI as ordered due to his inability to pay. [ECF No. 141 pp.3-4]. According to Defendants, this was clearly erroneous because the Plaintiff

---

[1] The Report states, "This evidence is sufficient to raise a genuine issue of material fact as to whether the Defendants (through their jail policy) refused to pay for medical procedures that medical professionals said needed to be done because Plaintiff could not himself pay for those procedures (an MRI and/or biopsy)." [ECF No. 124 p.11]. A better wording of this statement would have read, "…Defendants (through their jail policy) refused to **provide access to** medical procedures…" This does not undermine the fact that the Magistrate Judge properly interpreted *Cannon* as prohibiting the denial of medical treatment based on inability to pay.

never alleges that he was unable to pay. *Id.* at 4. Defendants assert that the Court fails to credit the record evidence undermining this inference. *Id.*

In the Report, the Magistrate Judge noted the evidence in the record that undermines the Court's finding:

> The exhibits provided (including the Defendants' own exhibits) confirm that Plaintiff had a growing mass on his shoulder which (Plaintiff alleged) was causing him significant pain, that Plaintiff's complaint had been "qualified as a certified emergency", but that a recommended MRI on the mass to make sure they were not dealing with any "atypical issue" was not performed because the Detention Center refused to pay for it. *Cody v. Hillard*, 599 F. Supp. 1025, 1041 (D.S.D. 1984) ["It is improper to deny an inmate medical treatment based solely on the cost of treatment"]. The inmate grievance forms provided as exhibits also confirm that the reason these recommended medical procedures were not performed was because the Detention Center (per responses signed by the Defendant Captain Padgett) refused to pay for any such procedures, with Plaintiff being advised that his condition "is something that your family will have to make the arrangements to pay the bill up front and then call the medical department to make the arrangements to take you for the treatment". *See Complaint* (Court docket No. 1-1), pp. 3-4; *see also* Plaintiff's Response (Court Docket No. 48-1), pp. 1-2.

[ECF No. 124 pp.10-11].

This record permits an inference that Defendants prevented Plaintiff from obtaining the MRI as ordered because Plaintiff was unable to pay. Accordingly, the Court declines to alter or amend its previous judgement on these grounds.

**II. Defendant argues the Court's Order errs because it fails to identify actions in violation of the Eighth Amendment's deliberate indifference standard.**

Defendants argue the Court's Order errs by conflating "the necessity of receiving an MRI with the risk imposed by a delay in obtaining that test." [ECF No. 141 pp.4-5]. Defendants agree with the Court's identification of the central issue: whether denying Plaintiff the ordered MRI for approximately seven months can constitute deliberate indifference to Plaintiff's need for same. *Id.* at 4. However, Defendants disagree with the Court's finding that Plaintiff provided sufficient evidence upon which a reasonable jury could conclude that Defendants unjustifiably denied or

4

delayed medical treatment for Plaintiff's serious medical needs. *Id.* at 5. Defendants contend that "[t]he deliberate indifference standard mandates the Court find not only that a seven-month delay in accommodating Plaintiff's MRI amounted to a serious risk of harm, but that the delay was both objectively unreasonable, and that Defendants were deliberately and intentionally indifferent to those needs of which they was [sic] aware." *Id.* at 4. Defendants argue that the Court's denial of summary judgement amounts to an error of law because "Plaintiff has not provided competent evidence that a seven-month delay in arranging for an MRI amounts [sic] posed any risk of serious injury or violates any constitutional standard." *Id.* at 5. According to Defendants, the Order fails to show that Defendants knew of any risk to Plaintiff in delaying the MRI and that, in spite of that knowledge, they deliberately denied such care to Plaintiff. *Id.* at 4.

As to the Defendants' attempt to distinguish the risk imposed by delay from the necessity of receiving an MRI, the Court is not persuaded. In the Order, the Court explained the relationship between the necessity of the MRI and the risk imposed by a delay in obtaining that test:

> In this case, however, the ordered procedure appears to have been for the purpose of determining whether Plaintiff's condition *was a benign growth or not*. The stated purpose of the MRI was "to evaluate this mass and make sure we are not dealing with any atypical issue." [ECF No. 102-1 p.6]. Where the record contains a physician's recommendation to perform a procedure and no other evidence capable of supplanting Dr. Phillips' judgement *at the time*, the Court is unable to conclude, as a matter of law, that Plaintiff's condition was not objectively serious enough to maintain his claim.

[ECF No. 132 pp.5-6] (internal footnote omitted).

The Plaintiff's condition in this case was well within the parameter of a condition that has been diagnosed by a physician as mandating treatment. *Iko v. Shreve,* 535 F.3d 225, 241 (4th Cir. 2008). The stated purpose of the MRI would permit a reasonable juror to find the risk of delay in performing the test was serious enough to maintain Plaintiff's claim. Accordingly, the Court declines to alter or amend its previous judgement on these grounds.

5

As to Defendants argument that the Order fails to show that Defendants acted in violation of the Eighth Amendment's deliberate indifference standard, the Court finds that this is a misstatement of Plaintiff's burden.  A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  To carry his burden at this stage, the Plaintiff must adduce sufficient evidence for the trier of fact to find that his medical need was sufficiently serious, and that the defendant acted with deliberate indifference to those needs. *Iko*, 353 F.3d at 241.

Defendants assert that the Court erred in denying summary judgment because it failed to show that Defendants actions violated the Eighth Amendment deliberate indifference standard.  This misstates the standard at summary judgment.  The Court found that "Plaintiff has adduced sufficient evidence upon which a reasonable jury could conclude that Defendants unjustifiably denied or delayed medical treatment for Plaintiff's serious medical needs." [ECF No. 132 p.4]. Because a denial of summary judgment does not require the showing Defendants suggest, the Court declines to alter or amend its previous judgement on these grounds.

### III. Defendant argues the Court's Order errs in crediting Plaintiff's lay opinion as to the necessity and effect of his medical care.

Defendants argue that the Court's Order erroneously relies on Plaintiff's lay opinion as to his medical needs and ignores the only competent medical evidence in the record. [ECF No. 141 p.5]. Defendants state that Plaintiff's claim is based solely on his lay opinion that only a biopsy can conclusively determine whether his subcutaneous growth is cancerous. *Id.* at 7.  Defendants also argue that the Court erred in crediting Plaintiff's argument that the "certified emergency" justifying a visit to the emergency room also evidences that a delay in providing an MRI amounts to a serious medical need. *Id.* at 8.

Plaintiff's claim is not based solely on his lay opinion that only a biopsy can conclusively determine whether his subcutaneous growth is cancerous. Defendants cite Plaintiff's response to Defendants' motion for summary judgment in support of this proposition. [ECF No. 121]. However, Plaintiff states in this document "[a]fter plaintiff's condition continued to worsen, **almost 1 year after** physician at Hospital <u>ordered</u> plaintiff to have M.R.I. and biopsy defendants did have M.R.I. done but <u>that was all</u>." [ECF No. 121 p.2] (emphasis added). In his response to this motion, Plaintiff states, "[p]laintiff's litigation was based on Defendants' denial – delay of the MRI." [ECF No. 142 p.4]. Evidence in the record is sufficient to show that the denial or delay of the ordered MRI forms at least part of the basis of the claim. With this in mind, the Defendants' argument that the Court's Order relies only on Plaintiff's lay opinion as to his medical needs is unpersuasive. The Court's Order explicitly relies on Dr. Phillips recommendation that an MRI be performed. [ECF No. 102-1 p.6]. Accordingly, the Court declines to alter or amend its previous judgement on these grounds.

Finally, the Court turns to Defendants' argument that the Court erred in concluding that the "certified emergency" justifying a trip to the emergency room evidences that a delay in providing an MRI amounts to a serious medical need. Defendants argue that if a true emergency then existed, Dr. Flood would not likely have discharged Plaintiff without more definitive care. [ECF No. 141 p.8]. Viewed in the light most favorable to the Plaintiff, evidence that Plaintiff's condition in October of 2017 constituted a medical emergency is evidence upon which a reasonable jury could conclude that a delay in providing an MRI amounts to a serious medical need. Accordingly, the Court declines to alter or amend its previous judgement on these grounds.

For the foregoing reasons, Defendants' Motion to Reconsider is **DENIED**.

**IT IS SO ORDERED.**

8

        /s/ Sherri A. Lydon
        United States District Judge

October 7, 2020
Florence, South Carolina